# Born v. Philadelphia & Reading Railroad Company.

*Negligence—Contributory negligence—Grade-crossing—" Stop, look and listen."*

In an action against a railroad company to recover damages for death of plaintiff's wife at a grade-crossing, a nonsuit is properly entered where it appears that the plaintiff's wife, in driving along a public road, stopped at a point variously estimated at from 291 to 320 feet from the track, and then continued without stopping to look or listen, although the view of the track for 3,675 feet was not obstructed.

*Evidence—Witness—Competency of witness.*

It is not error for the court to refuse to permit a witness to be asked whether he knows the duties of a railroad engineer as to railroad crossings, where there is no intimation that the witness is a railroad engineer, or is qualified to furnish information on the subject.

Argued Jan. 14, 1901. Appeal, No. 281, Jan. T., 1900, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1897, No. 1080, refusing to take off nonsuit in case of Henry Born v. Philadelphia & Reading Railway Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's wife.

At the trial it appeared that on the morning of December 23, 1896, plaintiff's wife and sister were driving in a wagon on a public road towards a crossing of the defendant company. They stopped at a point variously estimated at from 291 to 320 feet from the track, and then continued without again stopping to look or listen, although the view of the track for 3,675 feet was not obstructed. A passing train struck the wagon and Mrs. Born was killed.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) refusal to take off nonsuit; (2) ruling on the offer of evidence referred to in the opinion of the Supreme Court.

*W. S. Roney,* with him *Henry W. Watson,* for appellant.

*Gavin W. Hart,* for appellee, was not heard.

PER CURIAM, February 18, 1901:

The plaintiff alleges that the court erred in refusing to take off the nonsuit, and in sustaining the objection to the question put by his counsel to George L. Digman as follows, to wit: "Do you know the duties of a railroad engineer as to railroad crossings?" As there is no intimation that he was a railroad engineer or was qualified to furnish information on that subject, there was no error committed by the court in saying, "It is very vague testimony; I do not think it admissible." The testimony presented a clear case of contributory negligence which plainly justified the nonsuit and the refusal to take it off. In Gleim v. Harris et al., Receivers of the Philadelphia & Reading Railroad Company, 181 Pa. 387, it was held that "in an action against a railroad company to recover damages for the death of plaintiff's husband at a grade crossing, a nonsuit is properly entered where it appears that the deceased in driving along a public road stopped at a point about 330 feet from the railroad, and then continued without again stopping to look and listen, although at a number of places within the 330 feet he could have seen the train by which he was killed." In the case at bar the opportunity for observation of an approaching train enabled the party approaching the crossing in the exercise of care and discretion to pass over it safely. If Mrs. Born and her sister had exercised the care required by the law and the rules governing the approach to the crossing, they could have easily avoided the collision which resulted in their untimely death. In the nonobservance of the duty which rested upon them, their negligence was essentially the same as in Gleim v. Harris et al., supra, and led to like results. It was an unfortunate and sad occurrence, but it did not authorize a judgment against the defendant.

Judgment affirmed.